Rev. 6/03

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Pro se [Non-prisoner] Complaint Form

FILED
NOV 1 7 2010
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

Latosha Hughes )
(Your Name) )
Plaintiff, )
)
)
v. ) Civil Action No. 1:10CV889
) (to be assigned by the Clerk)
Mountain River )
Trucking Company, Inc. )
)
)
Defendant(s). )

COMPLAINT

I. JURISDICTION

II. PARTIES

A. Plaintiff

Name of Plaintiff: Latosha Hughes
Address: 1553 Pilot Church Rd.
Pinnacle, NC 27043

B. Defendant(s) (**Notice**: A person must be identified in subsections B and C in order to be considered as a defendant.) Mountain River Trucking Company, Inc.

Name of Defendant: James H. Smith (Registered Agent)
Current Address: 207 Direct Lane
Mt. Airy, NC 27030

C. Additional Defendants (please provide the same information for each defendant as listed in Item B above):

III. STATEMENT OF CLAIM
(State here as briefly as possible the **FACTS** of your case. Do this by identifying the alleged legal wrong and by describing how each defendant named in Section II.B. and C. above is personally responsible for depriving you of your rights. Include relevant times, dates, and places. Also, you must state the basis for federal jurisdiction. In other words, why should the case be in federal court as opposed to state court. **DO NOT GIVE LEGAL ARGUMENTS OR CITE ANY CASES**. Number and set forth each separate claim in a separate paragraph.) (Attach extra sheets if necessary.)

On or about March 19, 2008 I was terminated from my position as a Payroll Clerk/Safety Director I had been employed with the Defendant since on or about September 24, 2007. During my employment history with the Defendant, I have been treated disparately. Specifically, Defendant terminated Plaintiff after she tested positive on a drug test, but

III. STATEMENT OF CLAIM - continued.

failed to terminate a similarly situated white employee who previously tested positive on a drug test. I have been treated unfavorably because I am bi-racial. On or about January 2008 Defendant hired a new employee who had three months of trucking experience, also with a felony record of drugs and worthless checks where I had six years. The new employee Crystal East Mosley's pay rate started at $13 an hour while I have been employed for 3 months with the Defendant and I started at the pay rate of $12.50 an hour. On or about February 1, 2008, I was the only employee required to clock out for lunch, while other white employees were allowed to leave the premises without following the same procedure.

IV. **RELIEF**

State briefly and exactly what relief you want from this court.

Appropriate back pay, front pay, past and future pecuniary losses, past and future non pecuniary lossess, and punitive damages

Signed this 15th day of November, 2010.

_Latasha N. Hughes_
Signature of plaintiff

1553 Pilot Church Rd.
Address

Pinnacle, NC 27043

336-535-4015
Telephone number

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Ms. Latosha N. Hughes
1553 Pilot Church Road
Pinnacle, NC 27043

From: Greensboro Local Office
2303 West Meadowview Rd
Suite 201
Greensboro, NC 27407

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 435-2008-00696 | ARLENE M. GLOVER, Investigator | (336) 547-4096 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

JOSE G. ROSENBERG,
Local Office Director

8/18/10
(Date Mailed)

cc: Ms. Crystal East,
Office Manager
MOUNTAIN RIVER TRUCKING COMPANY
P. O. Box 631
Mt. Airy, NC 27030



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Greensboro Local Office**

2303 West Meadowview Road, Suite 201
Greensboro, NC 27407
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Greensboro Status Line: (866) 408-8075
Direct Dial: (336) 547-4019
TTY (336) 547-4035
FAX (336) 547-4032
Website: www.eeoc.gov

Charge Number: 435-2008-00696

Ms. Latosha Hughes
1553 Pilot Church Road
Pinnacle, NC 27403

Charging Party

Mountain River Trucking Company, Inc
(207 Direct Lane)
P. O. Box 6301
Mt. Airy, NC 27030

Respondent

### NOTICE OF CONCILIATION FAILURE

This letter is the notice required by the Commission's Regulations, 29 C.F.R. Section 1601.25, which provides that the Commission shall notify a respondent in writing when it determines that further conciliation efforts would be futile or non-productive.

The Commission has determined that efforts to conciliate this case as required by Title VII of The Civil Rights Act of 1964, as amended have failed. Therefore no further efforts to conciliate this case will be made. Accordingly, we are at this time forwarding the case to our Legal Unit for possible litigation.

On Behalf of the Commission:

5/13/10
Date

José Rosenberg,
Local Office Director



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Greensboro Local Office

2303 West Meadowview Road, Suite 201
Greensboro, NC 27407
TEL (336) 547-4019
TTY (336) 547-4035
FAX (336) 547-4032
Website: www.eeoc.gov

Charge Number: 435-2008-00696

Latosha Hughes
1553 Pilot Church Road
Pinnacle, NC 27403

Charging Party

Mountain River Trucking Company, Inc.
207 Direct Lane (P.O. Box 6301)
Mount Airy, NC 27030

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

The Respondent is an employer within the meaning of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. Timeliness and all other requirements for coverage have been met.

Charging Party alleges Respondent discharged her based on her race, bi-racial white and black, and color, light-skinned.

Respondent denies all allegations. Respondent claims Charging Party was terminated because she tested positive on a random drug test conducted by Respondent, and because of insubordination.

Evidence obtained during the investigation reveals that Respondent treated Charging Party and a white employee disparately. Specifically, Respondent terminated Charging Party after she tested positive on a drug test conducted by Respondent, but failed to terminate a similarly situated white employee who previously tested positive on a drug test. The evidence does not establish that Charging Party was terminated for insubordination. Accordingly, there is reasonable cause to determine that Respondent terminated Charging Party based on her race, bi-racial white and black.

Based on the evidence gathered during the Commission's investigation, the evidence is insufficient to establish that Respondent discriminated against Charging Party on the basis of color in violation of Title VII. This does not certify that Respondent is in compliance with the statute.

Like and related to the charge and reasonably deriving from the Commission's investigation, there is evidence that Respondent subjected Charging Party to a sexually hostile work environment in violation of Title VII. Examination of the evidence reveals Charging Party was subjected to unwelcome sexual comments by Respondent's owner, based on her sex, female. The harassment occurred throughout her employment with Respondent from September 2007 through March 2008, and was severe or pervasive. Respondent's owner and Human Resources Manager had notice of the harassment. However, the harassment continued. Accordingly, there is reasonable cause to determine that Respondent subjected Charging Party to a sexually hostile work environment in violation of Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

In this regard, conciliation of this matter has now begun. Please be advised that, upon receipt of this finding, any reasonable offer to resolve this matter will be considered. A Commission representative will prepare a monetary demand to include actual and liquidated damages for the Charging Party. Again, the Commission is postured to consider any reasonable offer during this period. If any offer has not yet previously been submitted, the Respondent is requested to accept, reject, or submit a counteroffer to the conciliation proposal which will be forthcoming on behalf of the Charging Party. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

3/31/10
Date

Jose G. Rosenberg, Director
Greensboro Local Office